IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH, JR.<br>    Plaintiff | : <br> : <br> : |
| v. | :   CIVIL NO. 4:CV-04-323 <br> : <br> :   (Judge Jones) |
| GUNNER KOSEK, M.D., <u>ET AL.</u>,<br>    Defendants | : <br> : |

## <u>ORDER</u>

July 18, 2005

### <u>Background</u>

Jerome Smith, Jr. ("Plaintiff" or "Smith") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding his confinement at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania. By Order dated February 15, 2005, an unopposed motion to dismiss filed by Defendant Gunner Kosek, D.O. was granted without a merits analysis under the standards announced in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991).

Remaining Defendants Luzerne County Correctional Facility, Warden Gene Fischi and Deputy Warden Rowland Roberts ("Remaining Defendants") previously filed a motion requesting entry of summary judgment. On January 20, 2005, the summary judgment motion was dismissed without prejudice due to the Remaining Defendants' failure to serve the motion, accompanying statement of

undisputed material facts, and subsequently filed supporting brief on the Plaintiff at the Yendon, Pennsylvania address.

The Remaining Defendants filed a second summary judgment motion (Doc. 20) and supporting documents along with a certificate of service indicating that those filings were served on the Plaintiff at his Yendon, Pennsylvania address. Although the relevant time period has passed, Plaintiff has not filed an opposing brief or otherwise responded to the Remaining Defendants' second motion for summary judgment.

## Discussion

Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

Generally, a dispositive motion may not be granted merely because it is unopposed. Because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The Court of Appeals for the Third Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's

sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." Stackhouse, 951 F.2d at 30.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice, under Rule 41(b). See Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse, 951 F.2d at 30 (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

Smith's failure to either file a brief in opposition to the Remaining Defendants' second summary judgment motion or otherwise communicate with the Court indicates that he has lost interest in prosecuting this lawsuit. Consequently, Plaintiff will be granted a final opportunity until August 10, 2005

3

in which to file and serve a response to the Remaining Defendants' pending summary judgment motion. Failure of Plaintiff to timely respond to this Order will be deemed a failure to prosecute and comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) and will result in the Remaining Defendants' second summary judgment motion being granted without a merits analysis. See Link, 370 U.S. at 629.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff shall file and serve a response to the Remaining Defendants' Second Summary Judgment Motion on or before August 10, 2005.

2. Failure to comply with this Order shall be deemed a failure to prosecute and comply with a court order, and will result in the Unopposed Second Motion for Summary Judgment being granted without a merits analysis.

JOHN E. JONES, III
United States District Judge