IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME SMITH, JR. : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 4:CV-04-323 |
| : | |
| : | (Judge Jones) |
| GUNNER KOSEK, M.D., ET AL., : | |
|     Defendants : | |

### **ORDER**

August 15, 2005

**Background**

This *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 was initiated by Jerome Smith, Jr. ("Plaintiff" or "Smith") regarding his confinement at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania. By Order dated February 15, 2005, Defendant Gunner Kosek, D.O.'s unopposed motion to dismiss was granted pursuant to Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Remaining Defendants Luzerne County Correctional Facility, Warden Gene Fischi and Deputy Warden Rowland Roberts have filed a second motion requesting entry of summary judgment (Doc. 20).[1] The motion, supporting documents, and an accompanying along certificate of service provide that those

---

[1] A prior summary judgment motion filed by the Remaining Defendants was dismissed without prejudice because it was not served on the Plaintiff at his last known address.

filings were served on the Plaintiff at his last known address (Yendon, Pennsylvania).

After Smith failed to respond to the second summary judgment motion, this Court issued an Order on July 20, 2005 granting him a final opportunity to August 10, 2005 in which to file and serve a response to the pending dispositive motion.[2] The Order, citing the standards announced in Link v. Wabash Railroad Co. 370 U.S. 626, 629 (1962); Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); and Stackhouse, forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b).

**Discussion**

Though the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to the Remaining Defendants' second summary judgment motion nor requested an extension of time in which to do so.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its

---

[2] M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

> Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

Fed.R.Civ.P. 41(b).

In Poulis, the Third Circuit instructed the district court to consider six (6) factors in determining whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) the extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).  Based on the Plaintiff's failure to take any action in this matter since March 2004, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's July 18, 2005 Order is deemed a failure to prosecute and a failure to comply with a court order.  Smith's action is hereby dismissed, with prejudice.

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's failure to respond to the Order of July 18, 2005 is deemed a failure to prosecute this action and a failure to

      comply with a court order.

2.    In accordance with Federal Rule of Civil Procedure 41(b), this action is hereby DISMISSED, with prejudice.

3.    The Remaining Defendants' unopposed second summary judgment motion (doc. 20) is DISMISSED as moot.

4.    The Clerk of Court is directed to CLOSE the case.

                      <u>s/ John E. Jones III</u>
                      JOHN E. JONES, III
                      United States District Judge